

Jason Lampert, Esq.
104 W. 40th Street – 14th Floor
New York, NY 10018
Main: 212.375.6746
Fax: 646.365.3119
jlampert@selwlaw.com

June 27, 2024

**VIA EMAIL AND ECF**
David Krzanich, Esq.
Mona Houck, Esq.
Miller Korzenik Sommers Rayman LLP
1501 Broadway, Suite 2015
New York, NY 10036

                Re: <u>**Serge Fradkoff v. Ronald Winston et. al.; Case No. 1:24-cv-01830(VM)**</u>

Dear Mr. Korzenik and Ms. Houck:

        Our office submits this letter on behalf of Plaintiff Serge Fradkoff ("Plaintiff"), and in response to your letter dated June 20, 2024 (the "Letter"), pursuant to Rule II(B) of Judge Marrero's Individual Practice Rules.

        The Letter sets forth various alleged deficiencies in Plaintiff's original Complaint, including that Plaintiff's Complaint fails to identify statements that could possibly be found to be defamatory, and fails *inter alia* to sufficiently plead the requisite elements of falsity and actual malice. Notwithstanding, Plaintiff contends that he has sufficiently pled the elements necessary to sustain a defamation claim against all Defendants. Specifically, Plaintiff refutes your claim that Plaintiff "is at least a limited purpose public figure."

        A limited-purpose public figure is a person who "voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues." *Sheindlin v. Brady*, 597 F.Supp.3d 607, 627 (S.D.N.Y. 2022); *BYD Co. Ltd. V. VICE Media LLC*, 531 F.Supp.3d 810, 819 (S.D.N.Y. 2022) (quoting *Gertz v. Robert Welch, Inc*., 418 U.S. 323, 345 (1974)). Although the controversy at the heart of the instant action constitutes a public controversy, a "private individual is not automatically transformed into a public figure just by becoming involved in or associated with a matter that attracts public attention." *Sheindlin*, 597 F.Supp.3d at 628; *Gottwald v. Sebert*, 147 N.Y.S.3d 37, 43 (1st Dept 2021) (quoting *Wolston v. Readers Digest Assn., Inc*., 443 U.S. 157, 167 (1979)).

        The test provided by the Second Circuit for determining whether a person constitutes a limited purpose public figure requires the "defendant [to] show the plaintiff has: "(1) successfully invited public attention to his views in an effort to influence others prior to the incident that is the subject of litigation; (2) voluntarily injected himself into a public controversy related to the subject of the litigation; (3) assumed a position of prominence in the public controversy; and (4)

maintained regular and continuing access to the media.'" *Lerman v. Flynt Distrib. Co.*, 745 F.2d 123, 136–37 (2d Cir. 1984).

Here, Mr. Fradkoff cannot be found to be a limited-purpose public figure because his actions do not satisfy the requirements set forth by the Second Circuit: Plaintiff has never (1) invited public attention to his views prior to the controversy that is the subjection of this litigation; (2) voluntarily injected himself into a public controversy related to the subject of the this litigation; (3) assumed a position of prominence in this public controversy; and (4) maintained regular and continuing access to the media. In fact, Plaintiff did not voluntarily interject himself into this controversy at all, but was thrust into his current position with regard to this public controversy solely as a result of Defendants' libelous remarks regarding him, and his desire to protect his name and reputation from same.

Nonetheless, the Letter contains a request for Plaintiff to withdraw his original Complaint or promptly advise you of Plaintiff's intention to amend said Complaint to resolve any existing deficiencies. Please be advised that despite Plaintiff disagreeing with your legal conclusions and overall assessment of Plaintiff's original Complaint, for the sake of avoiding the expense of motion practice and in the interest of time, Plaintiff intends to amend the original Complaint to streamline Plaintiff's factual allegations and narrow the issues in the case.

To that end, Plaintiff requests thirty (30) days from the date of your receipt of this letter to amend the original Complaint. Please advise as to Defendants' position with regard to the requested time.

Respectfully submitted,

/s/ Jason Lampert

Jason Lampert, Esq.

cc: Hon. Victor Marrero (via ECF)